IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISAAC J. O'NEAL III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-0236 |
| | § | |
| THE CITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Isaac J. O'Neal III, is a firefighter employed by the Houston Fire Department ("HFD").  Plaintiff brings this action against defendant, the City of Houston, for race and color discrimination in employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, 42 U.S.C. § 1981, and Chapter 21, Section 21.001, et seq. of the Texas Labor Code.[1]  Pending before the court is the City of Houston's Motion for Summary Judgment ("Defendant's MSJ") (Docket Entry No. 19), and Plaintiffs' Objection to Evidence Offered in Defendant's Motion for Summary Judgment (Docket Entry No. 21).  For the reasons stated below, Defendant's MSJ will be granted in part and denied in part, and plaintiff's objection to evidence will be denied as moot.

---

[1]This action originally included two plaintiffs, Isaac J. O'Neal III and James M. Dugar.  On March 2, 2015, the City of Houston and plaintiff James M. Dugar filed an Agreed Motion for Partial Dismissal and for Approval of Settlement, Docket Entry No. 24, which the court granted.  See Order on Motion for Partial Dismissal and Approval of Settlement, Docket Entry No. 25.

## I.  **Undisputed Facts**

HFD is organized into four sections:  Suppression, Communications, Prevention, and Arson.  At the time of the incidents made the basis of this action, defendant had a Collective Bargaining Agreement ("CBA") with firefighters governing all aspects of their employment.  Pursuant to that CBA the defendant is required to give promotional exams for Captains and Senior Captains on a set schedule.  The individuals who pass the exams are then ranked in a posted list.  Individuals are promoted in order of their rank starting at the top of the list as open positions become available.  A requirement for taking the promotion exam for the Captain's and Senior Captain's positions is at least two years of seniority in the rank immediately below, i.e., Engineer/Operator in the case of Captain, and Captain in the case of Senior Captain.[2] The job responsibilities and promotion exam for the Captain's rank are unique to each of HFD's four sections, i.e., Suppression, Communications, Prevention, and Arson.[3]

Plaintiff is an African-American male who was hired by HFD in 1997.[4]  Plaintiff was promoted to the rank of Engineer/Operator

---

[2]Declaration of Danielle Page ("Page Declaration"), Exhibit E to Defendant's MSJ, Docket Entry No. 19-5, ¶ 6.

[3]Id. ¶¶ 3, 5-7.

[4]Oral Deposition of Isaac J. O'Neal ("O'Neal Deposition"), Exhibit A to Defendant's MSJ, Docket Entry No. 19-1, p. 11.

effective July 15, 2006.[5]  On July 23, 2008, HFD announced that a promotion exam would be held for Communications Captain on October 22, 2008.  The examination announcement stated that in order to be eligible to take the test, an individual had to hold the rank of Engineer/Operator for two or more years and have four years of service in HFD.[6]  When the announcement was made there were twenty-one open positions for Communications Captain:  four vacancies created by retirement, twelve vacancies created by promotions, and five vacancies newly created by City Council.[7]

Plaintiff and thirty-two other individuals took the October 22, 2008, promotional exam for Communications Captain. Plaintiff and seventeen other individuals passed the promotional exam.  Plaintiff ranked 12th on the eligibility list.  The vacancy date for the 12th ranked position was August 26, 2006.[8]  Plaintiff was promoted to the rank of Communications Captain and awarded a seniority date of November 18, 2006.[9]  When the defendant's Human Resources office noticed that the seniority date awarded to

---

[5]Id. at 24.

[6]Id. at 19-20.

[7]Id.

[8]Page Declaration, Exhibit E to Defendant's MSJ, Docket Entry No. 19-5, ¶¶ 8 and 11.  See also O'Neal Deposition, Exhibit A to Defendant's MSJ, Docket Entry No. 19-1, p. 25 and Exhibit D, O'Neal Deposition Exhibit 3 -- Register of Eligibles for Houston Fire Department Communications Captain October 22, 2008, Docket Entry No. 19-4.

[9]Page Declaration, Exhibit E to Defendant's MSJ, Docket Entry No. 19-5, ¶ 11.

plaintiff was less than two years from July 15, 2006, i.e., the date that plaintiff had promoted to Engineer/Operator, defendant adjusted plaintiff's seniority date for the Captain's position from November 18, 2006, to July 15, 2008.[10]   HFD also adjusted the seniority dates of eight other individuals on the October 22, 2008, eligibility list, but did not adjust any other seniority dates.[11]

On January 27, 2010, defendant announced that a promotional exam for the position of Senior Captain in the Communications Section would be given on May 5, 2010.  When the announcement was made there were three open positions for Senior Captain in the Communications Section.  Plaintiff timely submitted his application to take the Senior Captain promotional exam based on his seniority date of November 18, 2006.  On March 15, 2010, defendant denied plaintiff's application to take the Senior Captain promotional exam explaining that based on his adjusted seniority date of July 15, 2008, he was not eligible to take the exam because he lacked the required two years in the rank immediately below.[12]

---

[10]Id. ¶¶ 13-14.

[11]Id. ¶ 14.

[12]See Plaintiffs' Second Amended Complaint, Docket Entry No. 11, pp. 7-8 ¶¶ 35-36; Defendant's MSJ, Docket Entry No. 19, p. 11 (both parties recognize that plaintiff applied to take the promotional examination for Communications Senior Captain given on May 5, 2010, but was denied the ability to take the exam due to defendant's decision to adjust his seniority date).

## II.   **Standard of Review**

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment.   Fed. R. Civ. P. 56(c).   Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986).   The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."   Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).   A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).   If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by admissible evidence that specific facts exist over which there is a genuine issue for trial.   Id.   In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."   Reeves v. Sanderson Plumbing Products, Inc.,

-5-

120 S. Ct. 2097, 2110 (2000).  The nonmovant is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. Id. at 1537.  Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

### III.  Analysis

Plaintiff alleges that defendant discriminated against him on the basis of race and color by adjusting his seniority date and denying his application to test for promotion to Senior Captain. Defendant argues that it is entitled to summary judgment because plaintiff is unable to establish a prima facie case of discrimination and is unable to cite evidence capable of raising a genuine issue of material fact that the legitimate, non-discriminatory reason stated for the defendant's alleged discriminatory acts, i.e., compliance with state law and the decision in Firefighters' and Police Officers' Civil Service Commission of the City of Houston v. Herrera, 981 S.W.2d 728 (Tex. App. — Houston 1998, pet. denied), was not true but, instead, a pretext for discrimination based on race or color.[13]

---

[13]Plaintiffs' Second Amended Complaint, Docket Entry No. 11, pp. 4-8 ¶¶ 24-36.  Plaintiff also alleges that defendant discriminated against him by subjecting him to a hostile work environment. See id. at 14 ¶¶ 75-79.  But plaintiff has neither alleged facts nor cited evidence capable of raising a fact issue as to this claim in response to the Defendant's MSJ.  Accordingly, Defendant's MSJ on this claim will be granted.

## A.   Applicable Law

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color . . ." 42 U.S.C. § 2000e-2(a)(1). Section 1981 of Title 42 similarly prohibits employers from discriminating against an employee on the basis of race or color. 42 U.S.C. § 1981. Like Title VII, Chapter 21, Section 21.001, et seq. of the Texas Labor Code makes it unlawful to discriminate on the basis of an individual's race or color. Claims brought pursuant to Title VII, § 1981, and Chapter 21 of the Texas Labor Code are governed by the same legal and evidentiary standards. See Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 403-04 n.2 (5th Cir. 1999). A claim of employment discrimination can be proven through direct or circumstantial evidence. Russell v. McKinney Hospital Venture, 235 F.3d 219, 222 (5th Cir. 2000). Plaintiff does not argue that this is a direct evidence case. Instead, plaintiff states that "[t]here is strong circumstantial evidence that Defendant discriminated against O'Neal . . . because of [his] race and color."[14] Circumstantial evidence cases are analyzed pursuant to the framework established in McDonnell Douglas Corp. v. Green, 93 S. Ct. 1817 (1973). This

---

[14]Plaintiffs' Response to Defendant's Motion for Summary Judgment ("Plaintiffs' Response to MSJ"), Docket Entry No. 22, p. 7.

framework requires the plaintiff to demonstrate a prima facie case of discrimination, after which the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action at issue.   If the defendant articulates such a reason, the burden shifts back to the plaintiff to cite evidence capable of creating a genuine issue of material fact for trial that the employer's stated reason is not the true reason but, instead, a pretext for discrimination.  Id.  See also Reeves, 120 S. Ct. at 2106.

**B.   Application of the Law to the Undisputed Facts**

    1.   Plaintiff Has Established a Prima Facie Case

To establish a prima facie case of discrimination plaintiff must show that (1) he is a member of a protected class, (2) he was qualified for the job he held or sought to hold, (3) he suffered an adverse employment action, and (4) he was treated less favorably than other similarly-situated employees outside of his protected class.  See Vaughn v. Woodforest Bank, 665 F.3d 632, 636 (5th Cir. 2011).  Defendant does not dispute that plaintiff belongs to a protected class, i.e., that he is African-American, but does dispute that plaintiff can show he was qualified either to receive a seniority date prior to his eligibility for the rank at issue or to take the Senior Captain promotional exam, that plaintiff suffered an adverse employment action, or that plaintiff was treated less favorably than similarly situated firefighters outside his protected class.

(a)   Plaintiff Was Qualified

Citing Klinger v. City of San Angelo, 902 S.W.2d 669, 674 (Tex. App. — Austin 1995), and Herrera, 981 S.W.2d at 728, defendant argues that plaintiff cannot establish that he was qualified to receive the November 18, 2006, seniority date that he seeks because "[i]t is undisputed that by law, all Engineer/Operators must have served two years in that rank before being eligible to take the promotional exam for the rank of Communications Captain."[15] Defendant argues that in Klinger the

> Court of Appeals interpreted the applicable portion of Chapter 143 of the Local Government Code to require a city that fails to fill a vacancy in accordance with Chapter 143, to pay the person who should have obtained the promotion retroactive promotion and back pay, "*effective the last day the city could lawfully have filled the vacancy.*"[16]

Citing Plaintiffs' Second Amended Complaint, defendant argues that

> O'Neal promoted to Engineer/Operator effective July 15, 2006. . . Based on the posted exam qualifications, O'Neal was not eligible to take the Communications Captain promotional exam until July 15, 2008. . .
>
> It is evident by the undisputed facts in the record that (1) awarding O'Neal the November 18, 2006 seniority date would make O'Neal 20 months shy of being eligible for his promotion . . . For these reasons, O'Neal . . . [was] not qualified for a promotion with the seniority dates [he] desire[s].[17]

---

[15]Defendant's MSJ, Docket Entry No. 19, p. 10.

[16]Id. (quoting Klinger, 902 S.W.2d at 674).

[17]Id. at 11 (citing Plaintiffs' Second Amended Complaint, Docket Entry No. 11, p. 6 ¶ 30.

Defendant argues that

> [t]he appellate court in *Herrera*, citing *Klinger*, arrived
> at the same decision in the case of Firefighter Harold
> McDonald.  The Court of Appeals in *Herrera* sustained the
> point of error where the trial court awarded firefighter
> Harold McDonald back pay for time of which he would not
> have been eligible for the promotion and remanded that
> portion of the judgment . . . to recalculate the amount
> due to McDonald for the period he would have been eligible
> for the promotion.  *Herrera*, [981] S.W.2d at 734.[18]

Accordingly, defendant argues that plaintiff was not qualified to

receive the effective seniority date of November 18, 2006, when he

promoted to the rank of Communications Captain because that date

was less than two years from his promotion to Engineer/Operator on

July 15, 2006, and that plaintiff was not qualified to test for the

rank of Communications Senior Captain on May 5, 2010, because that

date was less than two years from his corrected seniority date for

promotion to Communications Captain on July 15, 2008.

In <u>Klinger</u>, 902 S.W.2d at 674, the court held that a

firefighter employed by the City of San Angelo at the rank of Fire

Fighter II, who had been so employed for less than two years at the

time a promotional examination for the position of Driver ought to

have been given, had suffered no harm from the city's delay because

at the relevant time he was not eligible to take the examination.

The court's holding, however, was not based on Chapter 143 of the

Local Government Code, i.e., the Municipal Civil Service Act, but,

instead, on interpretation of a San Angelo ordinance that expressly

---

[18]<u>Id.</u> at 10.

required a Driver to have two years' experience as a Fire Fighter II. Id. The court observed that Chapter 143 provides that a firefighter is generally ineligible to take a promotional examination unless he or she has held a position for two years in the classification immediately below the one for which the promotional examination is being given, but acknowledged that the general rule's application depends on classifications established by city ordinance, and that exceptions to the general rule exist. Id. & n.4.

Plaintiff responds that when he promoted to the Communications Captain position he received an effective seniority date of November 18, 2006, and that but for the defendant's subsequent decision to adjust that seniority date to July 15, 2008, he would have been qualified to take the promotion exam for the Communications Senior Captain position given on May 5, 2010.[19] Citing the deposition testimony of defendant's HR Supervisor, Danielle Page, plaintiff also responds that

> [o]n numerous occasions, the City "violated" *Herrera* and allowed a number of its employees to promote to the next rank without having a seniority date in the lower rank for two years. Specifically, the effective seniority dates the City of Houston gave to Lance Henry, Bobby George, Mark Dockens, and John Syzdek (who are all Caucasians) did not adhere to what the Defendant now claims was legally required with respect to the backdating of seniority dates. Nonetheless, Defendant apparently did not consider any of these individuals "unqualified" to keep their original seniority dates, and

_____

[19]Plaintiffs' Response to MSJ, Docket Entry No. 22, pp. 8-9.

the available evidence indicates that none of these individuals had their seniority dates changed.[20]

Because defendant acknowledges that plaintiff initially received a seniority date of November 18, 2006, and that based on that seniority plaintiff would have been qualified to take the promotion exam for the Communications Senior Captain position given on May 5, 2010, and because plaintiff has cited uncontested evidence that defendant has a history of not considering firefighters to be unqualified to promote even though — like plaintiff — they had a seniority date that places them in the lower rank for less than two years, plaintiff has presented enough evidence to make a prima facie showing that he was qualified to take the Communications Senior Captain promotion exam on May 5, 2010.

(b)   Plaintiff Suffered an Adverse Employment Action

Citing Lopez v. Kempthorne, 684 F. Supp. 2d 827, 854 (S.D. Tex. 2010), defendant argues that plaintiff cannot establish that he suffered an adverse employment action because

> [p]laintiff[ is] not alleging that [he] did not receive [a] promotion[] to Communications Captain nor [is he] alleging that Houston has denied [him] pay associated with time actually served in the rank of Communications Captain.  [Plaintiff is] only alleging that Houston did not award [him] a seniority date which would entitle [him] to back pay and in some uncertain future allow [him] to sit for the promotional exam for the next rank.

---

[20]Id. at 11-12 (citing Oral Deposition of Danielle Page ("Page Deposition"), Exhibit 1 to Plaintiffs' Response to MSJ, Docket Entry No. 22-1, pp. 34:13-22; 35:7-25; 36:1-16; 40:17-25; 41:1-4 and Exhibit 2 thereto).

> Plaintiff['s] allegations do not rise to constitute an
> adverse action as define[d] by Title VII or the Courts in
> interpreting Title VII.[21]

In <u>Lopez</u> the court observed that for purposes of Title VII adverse

actions "include[] only ultimate employment decisions such as

hiring, granting leave, discharging, promoting, or compensating."

684 F. Supp. 2d at 854 (quoting <u>McCoy v. City of Shreveport</u>, 492

F.3d 551, 559 (5th Cir. 2007)).

Plaintiff responds that he suffered an adverse employment

action when the defendant denied him the opportunity to prepare for

and take the May 5, 2010, exam to promote to the rank of

Communications Senior Captain.[22] Plaintiff argues that if the

defendant had not adjusted his original Communication Captain's

seniority date, he would have been in a position to prepare for and

take that May 5, 2010, exam required to promote to the Senior

Captain's position. The Fifth Circuit has held that "[f]ailure to

promote is clearly an adverse employment action," <u>Haire v. Board of</u>

<u>Supervisors of Louisiana State University</u>, 719 F.3d 356, 364 (5th

Cir. 2013), and that denial of access to a promotional examination

constitutes an adverse employment action for purposes of Title VII

and § 1981. <u>Davis v. Dallas Area Rapid Transit</u>, 383 F.3d 309, 319-

20 (5th Cir. 2004). In <u>Davis</u> — as here — plaintiffs alleged that

the defendant unfairly manipulated requirements for taking civil

---

[21]Defendant's MSJ, Docket Entry No. 19, p. 12.

[22]Plaintiffs' Response to MSJ, Docket Entry No. 22, p. 12.

service promotion examinations to prevent certain African-Americans from qualifying for promotion.  Accordingly, the court concludes that plaintiff has presented enough evidence to make a prima facie showing that he suffered an adverse employment action.

> (c)  Plaintiff Was Treated Less Favorably Than Other Similarly Situated Firefighters Outside His Protected Class

Defendant argues that plaintiff is unable to show that he was treated less favorably than other similarly situated firefighters outside of his protected class because the only similarly situated individuals

> are those who took the same promotional exam as Plaintiff[] and who were ranked on the same eligibility list.  Of the eighteen individuals eligible to promote to the rank of Communications Captain on the October 22, 2008 eligibility list, nine of those individuals are outside of Plaintiffs' protected class[].   Houston treated all eighteen of those individuals the same — i.e. ensured that a two year separation existed from their promotion from the rank below.  Plaintiff[] cannot show that those eight individuals outside Plaintiff['s] protected class[] who accepted the promotions to the Communications Captain rank were treated more favorably than Plaintiff[].[23]

Defendant argues that

> [i]t is undisputed that although the Communications Captain, Suppression Captain, Investigator and Inspector are the same rank, each (1) holds a different classification code under the City's classification plan; (2) have different job responsibilities; and (3) take different promotional exams.  Plaintiff[] likewise cannot show that the Department, in its relevant history, had ever had vacancies in the ranks of Suppression Captain, Investigator or Inspector for such an extended period of

---

[23]Defendant's MSJ, Docket Entry No. 19, pp. 13-14.

-14-

time as that in the Communications Captain rank in 2008.
Plaintiff[] cannot show that the decisionmakers for the
2008 Communications Captain promotional exam were the
same decisionmakers for the previous promotional exams.
Plaintiffs likewise cannot show that the relevant
decisionmakers for the previous promotional exams were
aware since the *Herrera* decision that they could not
award seniority dates that reduced the separation period
between ranks to less than two years.[24]

Plaintiff responds that he was clearly treated less favorably

than other similarly situated Caucasian firefighters.  Citing the

deposition testimony of defendant's HR Supervisor, Danielle Page,

plaintiff argues that

[d]uring the course of her deposition, Ms. Page confirmed
that:

1)   The Communications Department is a predominantly
     African-American department.[25]

2)   [Ms. Page] was asked to make seniority changes to
     nine individuals in the Communications Department,
     and all but one of these individuals was Black.[26]

3)   During the time she's worked for Defendant, she was
     not asked to change the seniority dates for anybody
     outside of the Communications Department.[27]

4)   Several Caucasians have not had their seniority
     dates adjusted or promotions negatively affected
     even though they were not in their lower ranked
     positions two years before being promoted.[28]

---

[24]*Id.* at 13.

[25]Plaintiffs' Response to MSJ, Docket Entry No. 22, pp. 13-14
(citing Page Deposition, Docket Entry No. 22-1, p. 45:22-46:3.

[26]*Id.* (citing Page Deposition, Docket Entry No. 22-1,
pp. 24:23-25:8).

[27]*Id.* (citing Page Deposition, Docket Entry No. 22-1, p. 25:20-
23).

[28]*Id.* (citing Page Deposition, Docket Entry No. 22-1, pp. 35:7-
36:16).

> 5)   A Caucasian employee (John Syzdek) was approved to
>       be promoted from Communications Captain to
>       Communications Senior Captain with a seniority date
>       of August 18, 2010 even though his Communication
>       Captain's seniority date of August 23, 2008 was
>       less than 2 years from his Communication Senior
>       Captain's seniority date of August 18, 2010.
>       Moreover, Page was not asked to audit Syzdek's
>       seniority date.[29]

In light of this evidence, the court concludes that plaintiff has

presented enough evidence to make a prima facie showing that he was

treated less favorably than similarly situated firefighters outside

of his protected class.

### 2.   Defendant Has Articulated a Non-Discriminatory Reason for the Alleged Discrimination

Because plaintiff has established a prima facie case,

defendant must proffer evidence of a legitimate, non-discriminatory

reason for revising his seniority date. Vaughn, 665 F.3d at 636

(citing Texas Department of Community Affairs v. Burdine, 101

S. Ct. 1089, 1094-95 (1981)). Defendant argues that it is entitled

to summary judgment because plaintiff's seniority date was adjusted

and plaintiff was denied the ability to take the Communications

Senior Captain promotional examination on May 5, 2010, for a

legitimate, non-discriminatory reason, i.e., to comply with state

law, i.e., Texas Local Government Code § 143.106, and the decision

in Herrera, 981 S.W.2d at 728.[30]   Plaintiff acknowledges that

---

[29]Id. (citing Page Deposition, Docket Entry No. 22-1, p. 42:18-20).

[30]Defendants' MSJ, Docket Entry No. 19, pp. 7, 10, and 14.

"[t]his reason, if true, may qualify as a legitimate, nondiscriminatory reason for its adverse employment actions against [p]laintiff."[31]  Since defendant has met its burden of articulating a legitimate, nondiscriminatory reason for adjusting plaintiff's seniority date and denying his application to take the promotional exam for Senior Captain on May 5, 2010, the presumption of discrimination created by plaintiff's prima facie case disappears, and plaintiff "bears the ultimate burden of persuading the trier of fact by a preponderance of the evidence that [defendant] intentionally discriminated against [him] because of [his] protected status."  Vaughan, 665 F.3d at 637 (quoting Wallace v. Methodist Hospital System, 271 F.3d 212, 219 (5th Cir. 2001)).

> 3.   Plaintiff Has Produced Sufficient Evidence of Pretext to Raise a Genuine Issue of Material Fact for Trial

Plaintiff may raise a genuine issue of discriminatory intent by producing evidence that defendant's legitimate, non-discriminatory reason for adjusting his seniority date and denying his application to take the promotional examination for Communications Senior Captain is a pretext for discrimination based on race and color.  Vaughn, 665 F.3d at 637.  To raise an issue of pretext plaintiff must present evidence showing that defendant's proffered reason for revising his seniority date and denying his application to take the promotional examination for Communications

---

[31]Plaintiffs' Response to MSJ, Docket Entry No. 22, p. 15.

Senior Captain on May 5, 2010, is false or unworthy of credence, or more likely than not motivated by discriminatory animus for plaintiff's race or color. Id. (citing Laxton v. Gap, Inc., 333 F.3d 572, 578 (5th Cir. 2003)).

Asserting that plaintiff's seniority date for promotion to Communications Captain was revised due to the city's need to comply with state law and the Herrera decision, defendant argues that plaintiff is unable to present evidence capable of establishing that its legitimate, non-discriminatory reason for its disputed actions is false or a pretext for race or color discrimination. Defendant argues that

> [i]t is undisputed that Houston had not seen such a case as Dugar's prior to the October 2008 exam because it had not, in its history, ever had positions open for such an extended period of time.  It is undisputed that, in processing Dugar's paperwork for his promotion, Janet McCown discovered this issue and sought a legal opinion as to how to handle.  It was this and not Plaintiff['s] race or color that triggered the inquiry.  Plaintiff[] cannot show that there were any previous firefighters outside of [his] protected class[] who received promotions that completely erased their time in the previous rank.  Plaintiff[] cannot show that after Houston discovered this issue that it did not attempt to adhere to the two-year separation in rank, if applicable, thereafter.
>
> Plaintiff['s] alternative suggestions for handling this issue — ignore it for them and apply it for another exam or go back and correct seniority and back pay — are not viable alternatives.  The first would require Houston to knowingly violate the law.  The latter would create a logistical nightmare.  Indeed, going back to correct seniority dates 10 years past could require the Department to rescind multiple promotions for persons both inside and outside Plaintiff['s] protected class[].  This is logistically impossible.  Once Houston discovered its error it attempted to correct the practice going

forward.  Plaintiff[] cannot show that Houston's reason for complying with law is pretext.[32]

Plaintiff responds that overwhelming evidence demonstrates that the defendant's explanations for adjusting his seniority date and denying his application to take the Communications Senior Captain promotional examination are unworthy of credence and more likely than not motivated by discriminatory animus.  As evidence refuting defendant's assertion that it was legally required to adjust his seniority date forward, plaintiff cites the promotion forms for Caucasian employees, Allison Stein, Henry Lance, Bobby George, Mark Dockens, and Billy Lambert, as examples of employees whose seniority dates were not adjusted despite the fact that — like plaintiff — they did not have at least two years between their seniority dates for their lower rank (Engineer/Operator) and their new rank (Inspector or Junior Fire Alarm Dispatcher).  Plaintiff argues that this evidence shows that

> "the law" that the City alleges required it to adjust [his] seniority date[] forward, was not applied to all of its employees, just the African-American employees.  If Defendant was truly required by law to adjust seniority dates to ensure that there is at least a two year gap between dates, Defendant's white employees would have been held to the same standard as O'Neal.[33]

---

[32]Defendant's MSJ, Docket Entry No. 19, p. 15.

[33]Plaintiffs' Response to MSJ, Docket Entry No. 22, p. 16 (citing Exhibit 2 thereto, Promotion Forms for Allison Stein showing promotion to Engineer/Operator effective December 11, 1999, and promotion to Investigator effective July 7, 2001, less than two years later; Henry Lance showing promotion to Engineer/Operator effective April 24, 2004, and promotion to Inspector effective
(continued...)

Plaintiff also cites the deposition of defendant's HR Supervisor, Danielle Page, who testified that the only individuals who had their seniority dates adjusted were in the Communications Department, that department is predominantly African-American, that department was the only department audited for adjustment of seniority dates, and that eight of the nine individuals who were audited for adjustment of seniority dates were African-American.[34] Plaintiff cites the deposition of defendant's emergency management coordinator, Rick Flanagan, as additional evidence that the only department audited for adjustment of seniority dates was the Communications Department.[35]

As evidence refuting defendant's assertion that since discovering the need to adhere to the two-year separation between ranks allegedly required by the <u>Herrera</u> decision, defendant has attempted to comply with that decision, plaintiff cites the depositions of Page and Flanagan, both of whom testified that the

---

[33] (...continued)
August 13, 2005, less than two years later; Bobby George showing promotion to Engineer/Operator effective July 17, 2004, and promotion to Inspector effective January 23, 2005, less than two years later; Mark Dockens showing promotion to Engineer/Operator effective March 27, 2004, and promotion to Inspector effective March 26, 2005, less than two years later; Billy Lambert showing promotion to Engineer/Operator effective March 30, 2002, and promotion to Junior Fire Alarm Dispatcher effective March 15, 2003, less than two years later).

[34] <u>Id.</u> at 16-17 (citing Page Deposition, Docket Entry No. 22-1, pp. 25:20-23, 45:22-46:3).

[35] <u>Id.</u> at 16 n.46 (citing and Oral Deposition of Rick Flanagan ("Flanagan Deposition"), Docket Entry No. 22-2, p. 33:6-25).

defendant has not applied the "Herrera rule" to all HFD promotions
that have occurred since the alleged discovery.   Page testified
that the "Herrera rule" was not applied to John Syzdek,[36] and
Flanagan testified that the "Herrera rule" was not applied to Billy
Lambert,[37] both of whom are Caucasian.   Plaintiff argues that

> [d]efendant's treatment of John Syzdek and Billy Lambert
> demonstrate conclusively that the City has not applied
> the so-called *Herrera* rule consistently even after it
> supposedly learned about the new interpretation, and
> further demonstrates that the City was motivated by a
> desire to discriminate against [him] . . . on the basis
> of [his] race and color.[38]

Plaintiff asserts that

> [t]his fact was confirmed by Mr. Flanagan's testimony:
>
> Q   Did Mr. Dugar or Mr. O'Neal ever tell you that they
>     believed that there was race discrimination behind
>     the decision not to let them sit for the exam?
>
> A   Yes, sir.
>
> Q   Did you ever make mention of the potential --
>
> A   It sure seemed like it to me.
>
> Q   Seemed like it to you?
>
> A   Sure.   I -- it's -- you know, to be candid with
>     you, if you look at the models that have gone
>     before, you have a situation that comes about that
>     for whatever reason the *Herrera* criteria comes up

---

[36]Id. at 18 (citing Page Deposition, Docket Entry No. 22-1,
pp. 40:17-41:4).

[37]Id. at 19-20 (citing Flanagan Deposition, Docket Entry
No. 22-2, pp. 6:16-25, 38:4-22, 40:8-16, 43:25, 44:1-4).

[38]Id. at 20.

> to say that it stops. . . In my mind I know for
> sure that the fire department had been inconsistent
> in the process.   And so here's an inconsistency,
> and it happened to two African-Americans.[39]

. . .

Q    And you would agree with me it would seem awfully
     racially   discriminatory   if   this   *Herrera*
     interpretation only applied to the communications
     department?

MS. NORRIS: Objection; improper opinion.  Calls for facts
not in evidence.  Go ahead and answer.

A    I would think it would be unfair for whoever the
     individuals that it impacted.   It impacted two
     individuals, Mr. O'Neal and Mr. Dugar.   They were
     African-American.   Wrong is wrong.   But if you're
     African-American and it happened, you're African-
     American.   They were wrong that it happened.   So.

Q    Well, you felt it was racially discriminatory?

MS. NORRIS: Objection; improper opinion.

. . .

Q    Okay.   But   it   seemed   to   you   that   it   was
     discriminatory or not?

MS. NORRIS:  Objection;  improper  opinion.   Asked  and
Answered.  Go ahead.

A    I agree that they were African-American.   And it
     was discriminatory.   And if they're discriminated
     as African-Americans, it would be African-Americans
     that were discriminated.[40]

---

[39]*Id.* at 20-21 (quoting Flanagan Deposition, Docket Entry
No. 22-2, p. 44:5-23).

[40]*Id.* at 20-22 (citing Flanagan Deposition, Docket Entry
No. 22-2, pp. 45:10-46:20).

The evidence that plaintiff has cited is sufficient to raise a genuine issue of material fact for trial that the defendant's stated reason for adjusting plaintiff's seniority date and denying his application to take the promotional examination for Communications Senior Captain on May 5, 2010, was not the true reason, and was, instead, pretext for discrimination based on his race and color. Accordingly, defendant's motion for summary judgment will be denied.

### IV.  Conclusions

For the reasons stated above, the court concludes that plaintiff has failed to present any evidence from which a reasonable fact-finder could conclude that he was subjected to a hostile work environment, but that plaintiff has presented evidence from which a reasonable fact-finder could conclude that the defendant's stated reason for the adjustment of his seniority date and denial of his application to take the promotional exam for Communications Senior Captain on May 5, 2010, is not true but is, instead, a pretext for discrimination based on race or color. Accordingly, Defendant's Motion for Summary Judgment (Docket Entry No. 19) is **GRANTED IN PART AND DENIED IN PART.** Because in reaching the decision to deny the defendant's motion for summary judgment on plaintiff's claims of race and color discrimination based on the adjustment of his seniority date and denial of his application to

-23-

take a promotional examination the court has not relied on the evidence to which plaintiff has objected, Plaintiffs' Objection to Evidence Offered in Defendant's Motion for Summary Judgment (Docket Entry No. 21) is **DENIED** as **MOOT**.

**SIGNED** at Houston, Texas, on this the 2nd day of April, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-24-